UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
FEB 01 2019
ARTHUR JOHNSTON
BY_____ DEPUTY

HERITAGE HUNTER KNOLL, LLC                                                    PLAINTIFF

v.                                                              Civil Action No. 2:19cv15-KS-MTP

LAMAR COUNTY, MISSISSIPPI;
BOARD OF SUPERVISORS OF LAMAR
COUNTY, MISSISSIPPI; STEVE LAMPTON,
WARREN BYRD, JOE BOUNDS,
PHILLIP CARLISLE, and DALE LUCAS,
individually and in their official capacities
as Supervisors of Lamar County, Mississippi                                   DEFENDANTS

## COMPLAINT

Plaintiff Heritage Hunter Knoll, LLC complains as follows against Defendants Lamar County, Mississippi, Board of Supervisors of Lamar County, Mississippi, and Steve Lampton, Warren Byrd, Joe Bounds, Phillip Carlisle, and Dale Lucas, individually and in their official capacities as Supervisors of Lamar County, Mississippi:

### Parties

1. Plaintiff Heritage Hunter Knoll, LLC is a Mississippi limited liability company with its principal office located at 622 Highway 589, Purvis, Mississippi 39475.

2. Defendant Lamar County, Mississippi, is a political subdivision of the State of Mississippi that is governed by a Board of Supervisors.

3. Defendant Board of Supervisors of Lamar County, Mississippi is the governing body of Lamar County, Mississippi.

4. Defendant Steve Lampton is a duly-elected Supervisor of Lamar County, Mississippi, and is domiciled in the State of Mississippi.

5. Defendant Warren Byrd is a duly-elected Supervisor of Lamar County, Mississippi, and is domiciled in the State of Mississippi.

6. Defendant Joe Bounds is a duly-elected Supervisor of Lamar County, Mississippi, and is domiciled in the State of Mississippi.

7. Defendant Phillip Carlisle is a duly-elected Supervisor of Lamar County, Mississippi, and is domiciled in the State of Mississippi.

8. Defendant Dale Lucas is a duly-elected Supervisor of Lamar County, Mississippi, and is domiciled in the State of Mississippi.

### Jurisdiction

9. This Court has federal-question subject matter jurisdiction under 28 United States Code Sections 1331 and 1343 because the suit arises under one or more of the following federal statutes that create causes of actions: 42 United States Code Sections 1981, 1982, 1983, and 3613.

10. This Court possesses personal jurisdiction over each Defendant because they are either a political subdivision of the State of Mississippi or are domiciled in the State of Mississippi.

11. Venue is proper in this Court because each Defendant resides in the Southern District of Mississippi, a substantial part of the events or omissions giving rise to the claims occurred there, and a substantial part of the property that is the subject of the action is situated there.

### Facts

12. Plaintiff is the owner of several multifamily residential properties in unincorporated Lamar County, Mississippi, offering quality affordable housing options for the

area.

13.     Plaintiff from time to time enters lease contracts with persons desiring to reside in dwelling units in Plaintiff's multifamily residential properties.

14.     The persons who reside in Plaintiff's multifamily residential properties have been, are, and will continue to be racial minorities (including African-Americans and Hispanics) in greater proportion than their representation in the demographic profile of all residents of Lamar County, Mississippi, and of residents of Lamar County, Mississippi, who live in single family residences.

15.     Under Mississippi law, Defendants are required to provide for the collection and disposal of solid waste generated in Lamar County, Mississippi. Under Mississippi law, the costs of providing for such services may be defrayed through ad valorem tax assessments, fee assessments, or a combination of the two. Plaintiff has paid such assessments on its multifamily residential properties.

16.     Before July 2018, Defendants provided solid waste collection and disposal services to residents of Lamar County, Mississippi, without regard to whether they lived in a single family residence versus a multifamily residence.

17.     By letter dated July 23, 2018, Defendants informed Plaintiff that, on July 2, 2018, Defendants amended the Unauthorized Dumping and Litter Ordinance of Lamar County, Mississippi, to discontinue providing solid waste collection and disposal services for multifamily residences in Lamar County, Mississippi. Defendants also amended the Unauthorized Dumping and Litter Ordinance of Lamar County, Mississippi, to require multifamily residences to privately contract for solid waste collection and disposal services. The Minutes of the July 2, 2018, meeting of Defendant Board of Supervisors of Lamar County, Mississippi, are attached

3

hereto as Exhibit A.

18. The amendments to the Unauthorized Dumping and Litter Ordinance of Lamar County, Mississippi, passed by a 3-2 vote of Defendant Board of Supervisors of Lamar County, Mississippi. Defendants Lampton, Byrd, and Carlisle voted in favor of the amendments, and Defendants Bounds and Lucus voted against.

19. Concerning the amendments to the Unauthorized Dumping and Litter Ordinance, Defendant Byrd stated that its purpose was to address "dirty fucking Mexicans that don't work or pay any taxes."

20. In early January 2019, Defendants implemented the amended Unauthorized Dumping and Litter Ordinance, discontinuing provision of solid waste collection and disposal services for Plaintiff's multifamily residential properties and requiring those services to be obtained by private contract.

21. As a direct consequence of the amendments to the Unauthorized Dumping and Litter Ordinance of Lamar County, Mississippi, racial minorities residing in Lamar County, Mississippi, have been disproportionately deprived of the provision of solid waste collection and disposal services and required to privately contract for such services compared to non-minorities.

22. As a direct consequence of the amendments to the Unauthorized Dumping and Litter Ordinance of Lamar County, Mississippi, Plaintiff has incurred, is incurring, and will continue to incur financial and other harm, including without limitation the loss of rental revenues and the incurrence of costs for solid waste collection and disposal provided by private contractors.

## Claims

23. **Count I – 42 United States Code Section 1981**: Defendants have engaged in

intentional discrimination under color of state law that has impaired Plaintiff's rights to make and enforce contracts.

24. **Count II – 42 United States Code Section 1982**: Defendants have engaged in intentional discrimination under color of state law that has impaired Plaintiff's rights with respect to real and personal property.

25. **Count III – 42 United States Code Section 1983**: Defendants have engaged in in conduct under color of state law that has deprived Plaintiff of property without the due process of law secured by the 14th Amendment to the United States Constitution.

26. **Count IV – 42 United States Code Section 1983**: Defendants have engaged in in conduct under color of state law that has deprived Plaintiff of the equal protection of the laws secured by the 14th Amendment to the United States Constitution.

27. **Count V – United States Code Section 3613**: Defendants have engaged in discriminatory housing practices that are proscribed by the Fair Housing Act, 42 United States Code Section 3604.

28. **Count VI – Mississippi Code Annotated Section 11-41-1**: Defendants have failed to perform an act that they are duty-bound to perform under Mississippi law.

29. **Count VII – Mississippi Constitution Article 3 Section 14**: Defendants have deprived Plaintiff of property without the due process of law secured by Article 3 Section 14 of the Mississippi Constitution.

30. **Count VIII – Mississippi Constitution Article 3 Section 14**: Defendants have deprived Plaintiff of the equal protection of the laws secured by Article 3 Section 14 of the Mississippi Constitution.

## Relief Demanded

31. Plaintiff demands the Court enter a judgment against Defendants declaring that their actions complained of, including without limitation the amendments to the Unauthorized Dumping and Litter Ordinance of Lamar County, Mississippi, are unconstitutional, void, invalid, and unenforceable under federal law.

32. Plaintiff demands the Court enter a judgment against Defendants declaring that their actions complained of, including without limitation the amendments to the Unauthorized Dumping and Litter Ordinance of Lamar County, Mississippi, are unconstitutional, void, invalid, and unenforceable under Mississippi law.

33. Plaintiff demands the Court enter preliminary and permanent orders enjoining Defendants from applying and enforcing the amendments to the Unauthorized Dumping and Litter Ordinance of Lamar County, Mississippi, against Plaintiff.

34. Plaintiff demands the Court enter a judgment of mandamus under Mississippi Code Annotated Section 11-41-1 commanding Defendants to comply with their duty to collect and dispose of solid waste generated with respect to Plaintiff's multifamily residential properties.

35. Plaintiff demands compensatory damages.

36. Plaintiff demands punitive damages.

37. Plaintiff demands reasonable attorney fees and costs pursuant to 42 United States Code Sections 1988 and 3613.

38. Plaintiff demands all such other relief determined to be appropriate.

## Jury Trial Demand

39. Plaintiff demands a jury trial on all issues so triable.

This 1st day of February 2019.

HERITAGE HUNTER KNOLL, LLC

By: _____
John B. Howell III (MS Bar No. 102655)
WATKINS & EAGER PLLC
106 Madison Plaza, Suite C
Hattiesburg, Mississippi 39402
601.264.4499
*jhowell@watkinseager.com*

7